# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 20-03003-01-CR-S-MDH** |
| **DAREN WATTS,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 28, 2020. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Daren Watts, to 300-months' imprisonment, followed by a 20-year term of supervised release.

## I. FACTUAL BACKGROUND

On June 28, 2018, Springfield Police Officer J. Stieff responded to 2127 North Robberson, Springfield, Missouri, in response to a reported sexual assault of a juvenile. Upon arrival, Children's Division Case Worker Samantha Akromis advised the officer that she had a received a report indicating that the defendant, Daren Watts, had engaged in sexual intercourse with a child, who was then 15 years old. The information had been conveyed to the case worker by the defendant's mother, Melissa Leonard.

The child was interviewed at the Child Advocacy Center on July 2, 2018, by forensic interviewer Melissa Harris. The victim explained that the defendant was staying with her older sister. The defendant and the victim began, what she characterized as "dating," on December 17, 2017. Shortly thereafter, the defendant and she engaged in sexual intercourse. The victim claimed that she and the defendant had vaginal sexual intercourse on one other occasion at her parent's residence.

The defendant was questioned by a Greene County, Missouri, Juvenile Officer on July 6, 2018. The defendant confessed that he had engaged in sexual intercourse with the victim.

On March 20, 2019, Detective Lee Walker of the Southwest Missouri Cybercrimes Task Force received a Cybertipline Report from Facebook, reporting that the defendant had sent messages to the victim soliciting nude photographs on February 13, 2019. Specifically, the defendant referenced watching a video of he and the victim engaging in sexual intercourse and asked for a photo of her "full naked body." The victim then transmitted a sexually explicit image of herself to the defendant.

On August 9, 2019, Detective Walker served a search warrant on Facebook for the defendant's Facebook account. Facebook complied with the warrant and sent the contents of the account to the investigators. The data included 20 videos depicting the victim engaged in sexually explicit conduct. Six of the videos depicted the victim and the defendant engaged in vaginal and anal sexual intercourse. The detective also located multiple message exchanges between the victim and the defendant discussing, in great

detail, their sexual encounters. These messages were transmitted between November 14, 2018, and February 17, 2019.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). The defendant, in his sentencing memorandum, argues that this Court significantly vary from the Sentencing Guidelines and impose the statutory minimum sentence for this offense despite the defendant's pattern of sexually predatory behavior involving a child, his criminal history, and his demonstrated inability to obey the law.

### A. Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50.

The final presentence investigation report, filed on September 9, 2020, reports that the defendant's advisory guideline range of imprisonment is life imprisonment, based on a total offense level of 43, and a criminal history category III. The statutory maximum sentence, however, is 360 months' imprisonment. Further, the defendant is subject to a period of supervised release of not less than five years. There are no objections to the calculations contained in the presentence investigation report.

3

The defendant, in his sentencing memorandum, urges the Court to impose a sentence at the statutory minimum, a wholesale variance from the properly calculated advisory Guidelines. In support of this argument, the defendant cites data from the United States Sentencing Commission Interactive Data Analyzer (USSCIDA). (Defendant Memo. 7-8.) Curiously, the defendant uses the table for sexual abuse cases, which includes a broad spectrum of crimes, to allege that a sentence above 180 months' imprisonment would create an unwarranted sentence disparity. (Defendant Memo. 9.)

Using the USSCIDA with a more precise set of parameters, namely using the Guideline provision specific to the crime of sexual exploitation of children as applied between 2015 and 2019 to offenders having a criminal history category of III, the average length of sentence within the jurisdiction the Western District of Missouri imposed under the provisions of U.S.S.G. § 2G2.1 is 277 months' imprisonment, with a median sentence of 300 months' imprisonment. https://ida.ussc.gov/analytics/saw.dll?Dashboard. Contrary to the assertions of the defendant, imposing the statutory minimum sentence would not only constitute an unjustifiable variance from the applicable Guidelines, but would also create a wholly unwarranted sentence disparity.

For the reasons set forth below, the Government respectfully suggests that the defendant be sentenced to a 300-month term of imprisonment, followed by a 20 year term of supervised release.

B. **Statutory Sentencing Factors**

1. **Nature and Circumstances of the Offense**

The defendant's crimes were initially reported to law enforcement after the defendant's mother informed members of the Springfield Police Department that the defendant had been sexually victimizing a juvenile. The victim was interviewed and advised that she and the defendant had engaged in sexual intercourse on multiple occasions. The defendant admitted his crimes to a Juvenile Officer shortly thereafter.

Despite being aware of the ongoing criminal investigation, the defendant continued to have contact with his victim. In fact, some seven months after confessing his crimes, the defendant messaged the victim on February 13, 2019, soliciting sexually explicit images. The victim complied with the defendant's request.

When investigators searched the contents of the defendant's Facebook account, multiple images and videos of the defendant raping and sodomizing the victim were recovered. Further, messages between the victim and defendant revealed an extensive pattern of criminality over a prolonged period of time.

2. **History and Characteristics of the Defendant**

The defendant has accumulated five criminal history points resulting in a criminal history category of III. These convictions include convictions for assault and stealing. Notably, the assault conviction arose after the defendant choked his wife. The defendant was on probation at the time of this offense.

### 3. Need to Promote Respect for the Law

The defendant has repeatedly demonstrated his absolute disregard for not only the law, but also basic societal norms. The defendant, despite being aware of an ongoing criminal investigation, continued to sexually victimize a child. It is abundantly clear that the defendant has no respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

The Government believes that a sentence of 300-months' imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant from committing future illegal acts.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has been convicted of an exceptionally serious offense involving the sexual abuse of a child. The defendant presents a significant danger to society, particularly to the most vulnerable members of society. Consequently, a lengthy sentence is warranted to protect the public from the defendant.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense.

WHEREFORE, for all the foregoing reasons, the United States respectfully suggests that the Court impose a 300-month term of imprisonment, followed by 20 years supervised release.

Respectfully submitted,

Timothy Garrison
United States Attorney

*/s/ James J. Kelleher*_____
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 26th day of October, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                          */s/ James J. Kelleher*
                                          JAMES J. KELLEHER